ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICKEY A. CONLEY, | ) |
| | ) CASE NO. 5:21CR767 |
| Petitioner, | ) 5:23CV1676 |
| | ) |
| v. | ) |
| | ) Judge John R. Adams |
| UNITED STATES OF AMERICA, | ) |
| | ) **ORDER** |
| Respondent. | ) |
| | ) |

Pending before the Court is Petitioner Mickey Conley's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 36. Upon review, the motion is DENIED.[1]

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Conley's motion contains two grounds for relief.[2] In his first ground, Conley contends that his counsel never received or reviewed discovery prior to his guilty plea. While Conley

---

1 Conley's related motions – his motion to appoint counsel (Doc. 31), his motion for production of documents (Doc. 34), and his motion to proceed without prepayment (Doc. 37) – are DENIED AS MOOT based upon the resolution of his motion to vacate.
2 While the motion has ground one and ground three, it does not contain a ground two.

frames this as a Fifth Amendment violation of his due process rights, his claim sounds in ineffective assistance of trial counsel.

Conley's burden to establish an ineffective assistance of counsel claim is two-fold. Under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), Conley must first show that counsel's performance was deficient. Pursuant to *Strickland*, "deficient" conduct is not simple error; counsel must have erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed...by the Sixth Amendment." *Id*. at 687. When evaluating counsel's performance, a court is required to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (internal citation omitted).

If deficient conduct is identified, Conley must then demonstrate that counsel's deficient performance prejudiced his defense. *Id*. at 692. To demonstrate prejudice, it is not enough to show that the "errors had some conceivable effect on the outcome of the proceeding" as any "act or omission of counsel would meet this test." *Id*. at 693. Instead, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 693. In effect, counsel's performance must have "caused the defendant to lose where he would probably have won" by conduct "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis omitted).

Conley's contention is directly refuted by the record. Conley's counsel filed his notice of request for discovery on November 10, 2021. In addition, the Court had issued its order related to the Due Process Protection Act reminding the Government of its *Brady* obligations on November

4, 2021. During his change of plea hearing, Conley admitted under oath that he and his counsel had adequate time to review the Government's case and were ready to proceed with a change of plea. Accordingly, Conley has failed to demonstrate any deficient conduct by his counsel.

In his second ground for relief (labeled ground three in his motion), Conley contends that his rights were violated by pre-indictment delay. Specifically, Conley contends that 16 months elapsed between his conduct and his indictment. However, pre-indictment delay cannot violate a defendant's due process rights unless he can show actual prejudice to his right to a fair trial. The defendant has the burden of demonstrating prejudice. *See e.g., United States v. Lawson*, 780 F.2d 535, 541–42 (6th Cir. 1985). Conley does not allege *any* prejudice stemming from this alleged delay. Accordingly, he has fallen well short of the standard required to show a violation of his due process right.

Based upon the above, Conley has failed to demonstrate any entitlement to relief. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

October 24, 2023 /s/John R. Adams
Date John R. Adams
U.S. District Judge